[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, owner of 48 acres of land in Danbury, applied to defendant Commission to cross a wetland to construct a proposed road in connection with a residential subdivision. The proposed subdivision was comprised of the greater portion of the premises. Under Danbury regulations, such approval must be obtained first from the defendant Commission before filing the subdivision application with the Planning Commission, not here involved.
The defendant Commission granted the application with conditions. From that decision the plaintiff appealed to this Court. At the hearing, plaintiff stated he abandoned all claims in his complaint and brief except two. As the land owner, the plaintiff is legally entitled to appeal the decision.
The plaintiff planned a 25 lot subdivision in an area where the wetland area runs directly to Lake Kenosia. The defendant, after a long hearing over several days and negotiations with the plaintiff, granted the application but aside from allowing and regulating the crossing of an admitted wetland to construct a road to tie into an existing city road, it also set a 75 foot setback along the length of the wetland prohibiting construction within it. This affected seven or eight lots. However, the permit did not prevent the lots from coming into existence, only subjecting a portion of the lots to a negative use for anything but a green area. In the buffer area, no uses incidental to construction of a house could be conducted on the premises; for example no buildings, no subsurface sewage disposal, no paving, no well construction. Only passive uses would be permitted.
The plaintiff argued two points, both related in thought. The plaintiff first argues that he was willing to impose these restrictions by means of a declaration CT Page 571 applicable to those lots filed in the land records. He argues that as one of the advisers to the defendant indicated such would be acceptable, the defendant should have allowed that procedure instead of making the 75 foot buffer zone a condition of the permit.
Because an adviser may say that a deed declaration is an acceptable means of providing the buffer zone, same does not rise to a legal argument. The decision rests with the defendant, not the adviser. A private agreement, once made, may in turn be abrogated by private agreement. As it is a matter of public regulation of a wetland, not a private matter, as provided for in Connecticut General Statutes, Sec.22a-38 et seq., the defendant acted fully within its powers and did not abuse its discretion.
The second argument is that as the regulations do not provide for 75 foot buffers, there is no legal authority for the defendant to establish this particular 75 foot buffer and therefore the condition violated Connecticut General Statutes, Sec. 22a-40 (a)(4) which permits uses incidental to a residential use. That sounds simple and direct except for the fact that the defendant has not prohibited the 25 lots from being used for residential purposes, only prohibited certain detrimental uses within the buffer zone. The defendant has the same number of lots requested. This principle was firmly established by Aaron v. Conservation Commission of the Town of Redding, 183 Conn. 532, 544, 549,551 (1981). Also see Manor Development Corporation Conservation Commission of the Town of Simsbury, 180 Conn. 692,695 (1980). The defendant has not shown any unconstitutional taking or a violation of the statute cited. In fact, the opposite is true.
Furthermore, no specific setback frontage is required in the defendant's regulations as conditions vary from site to site. This is one reason why in the history of Anglo-American jurisprudence, each piece of land is considered unique. The setback question was definitively settled in Cioffoletti v. Planning Zoning Commission of the Town of Ridgefield, 209 Conn. 544, 557, 558 (1989).
The evidence before the defendant clearly established the need for a buffer zone to protect the admitted wetland. This Court will not substitute its judgment for the trier of the facts which had before it substantial reasons for establishing the particular setback buffer zone.
There being no illegal action by the defendant and its not acting in an unreasonable manner but rather well within CT Page 572 its powers and discretion, the appeal is dismissed.
Judgment shall enter for the defendant.
PATRICIA A. GEEN, JUDGE